UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Melissa Jean Coleman, | Case No. 2:24-cv-00398-ART-DJA |
| Plaintiff, | |
| v. | **Order** |
| Equifax Information Services, LLC, | |
| Defendant. | |

This is a Fair Credit Report Act ("FCRA") action arising out of allegedly erroneous information that Defendant Equifax Information Services, LLC failed to correct on Plaintiff Melissa Jean Coleman's credit report, which affected her ability to secure a mortgage. Plaintiff sues Defendant for damages, alleging various causes of action arising under the FCRA and Nevada law. Plaintiff moves to compel Defendant to provide further responses to two of her interrogatories, arguing that its objections are boilerplate and improperly invoke privileges.[1] (ECF No. 18). Plaintiff also moves to seal an unredacted version of her reply in support of her motion to compel. (ECF No. 39). Because the Court finds that Plaintiff's requests seek relevant information, but are overbroad, it grants in part and denies in part Plaintiff's motion to compel. Because the Court finds that Plaintiff has not supported her motion to seal, it denies Plaintiff's motion to seal without prejudice and will keep the documents at issue under seal for thirty days to give Plaintiff an opportunity to file a renewed motion to seal.

**I.   Plaintiff's motion to compel.**

**A.   The parties' arguments.**

Plaintiff's motion to compel addresses the following two interrogatories and responses:

---

[1] Plaintiff's motion addresses multiple interrogatories. However, the parties were able to narrow their disagreement to the two interrogatories at issue in this motion. (ECF No. 32).

> **Interrogatory No. 12:** Identify the date and nature of all documents submitted to and from Equifax and the Consumer Finance Protection Bureau regarding Fair Credit Reporting Act Advisory Opinions or FCRA policies and requirements.
>
> **Interrogatory No. 13:** Identify any reprimands, lawsuits, fines, penalties, and/or disciplinary actions against Defendant for FCRA violations.
>
> **Response to Interrogatory Nos. 12 and 13:** Equifax objects on the ground that it seeks information protected from disclosure by the attorney-client privilege and the work product doctrine. Equifax also objects to this Interrogatory on the grounds that it is overly broad, seeks information that is not relevant to any party's claims or defenses, and is not proportional to the needs of this case because the request lacks an appropriate temporal limitation and is not tied to the facts of this case. The information sought is not tied to the facts of this case and is not relevant to any party's claims or defenses nor is it proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, and the importance of the interrogatory in resolving the issues. For these reasons, the interrogatory is outside the scope of permissible discovery under Rule 26 of the Federal Rules of Civil Procedure.

In her motion to compel, Plaintiff argues that Defendant used the exact same boilerplate objection to both of these requests and has failed to support its objections.[2] (ECF No. 18 at 6,

---

[2] The parties also raise certain arguments that the Court does not address here.

First is Plaintiff's argument that Defendant erred by not having a corporate representative sign the interrogatory responses. (ECF No. 18 at 11). However, as Plaintiff acknowledges in her motion, Federal Rule of Civil Procedure 33(b)(5) only requires the person who makes the answers to sign the answers, while an attorney who objects must sign the objections. Here, Defendant did not answer Interrogatories 12 and 13, only objected to them. So, it is unclear whether Defendant's representative was required to sign. In any event, the Court will require Defendant to respond and thus, verify the responses as required by Federal Rule of Civil Procedure 33(b)(5).

Second is Defendant's argument that Plaintiff failed to meet and confer adequately. (ECF No. 34 at 5-7). Both sides disagree regarding whether the pre-motion meet and confer was adequate. The Court finds it to be a more efficient use of its time to decide this issue on the merits rather than untangling the details of the meet and confer.

Third is Defendant's argument that the Court should sanction Plaintiff for failing to meet and confer. (ECF No. 34 at 10). Not only does the Court decline to decide the issue on the meet and

15).  Plaintiff adds that the objections do not explain what Defendant is withholding under the attorney client privilege and that Defendant does not provide a privilege log.  (*Id.* at 19-21).  Plaintiff requests that the Court sanction Defendant for its failure to respond to these interrogatories.  (*Id.* at 23-24).

Defendant argues that these interrogatories are overly broad, are not connected to the claims in this case, and do not provide any temporal limitations.  (ECF No. 34 at 8).  Defendants point out that, as drafted, Interrogatory No. 12 would require it to "expend a considerable amount of time and money to search through a potentially infinite number of documents sent to or received from the CFPB," regardless of whether the documents relate to Plaintiff's claims or Defendant's defenses.  (*Id.*).  It adds that Interrogatory No. 13 would also require it to compile prior lawsuits that are irrelevant to the case at hand.  (*Id.*).  Defendant asserts that these requests are disproportional to the case and would take significant time and resources and require Defendant, with the help of its attorneys, to create documents that do not currently exist.  (*Id.* at 9-10).  Defendant asserts that responding to Interrogatory No. 12 "would require extensive time of Equifax's attorneys to analyze all past CFPB and FCRA Advisory Opinions to determine if they are sought by Plaintiff in this request, and would likely require the production of privileged information."  (*Id.*).  Responding to Interrogatory No. 13 would require Defendant to construct a data set that does not currently exist.  (*Id.*).  This would result in creating attorney work product that is protected and Defendant asserts that responding to these interrogatories would take it eight to twelve weeks.  (*Id.*).  Defendant also asserts that responding to both interrogatories would require the search of the entirety of its email databases, which would take significant additional time and resources.  (*Id.*).

---

confer, but Defendant also fails to separately move for sanctions or for a protective order.  Defendant also fails to provide the legal basis for any sanctions that it asks the Court to levy.

Fourth is Plaintiff's argument, raised for the first time in reply, regarding the timeliness of Defendant's supplemental responses to discovery that the parties agreed to narrow.  (ECF No. 38 at 2).  The Court will not consider arguments raised for the first time in reply.  If Plaintiff wishes the Court to address these issues, she may file the appropriate motion.

Plaintiff replies and reasserts that Defendant's objections are improperly boilerplate and improperly invoke privileges without providing a privilege log. (ECF No. 38 at 7-8). Specific to Interrogatory No. 12, Plaintiff argues that the interrogatory is inherently limited because the Consumer Financial Protection Bureau ("CFPB") was not created until 2010, the CFPB did not issue the first FCRA Advisory Opinion until November 2021, and it has only ever issued fourteen advisory opinions, only five of which bear the heading "Fair Credit Reporting." (*Id.* at 9-11). Plaintiff adds that she would be willing to limit her request to "the FCRA Advisory Opinions that detail the requirements and additional information regarding using 'reasonable procedures to assure maximum possible accuracy.'" (*Id.*). Additionally, Plaintiff asserts that these records are directly relevant to her case because they address the very issues that Plaintiff raises in her complaint. (*Id.*). Specific to Interrogatory No. 13, Plaintiff asserts that courts in other cases involving FCRA claims against Defendant have determined that other complaints and lawsuits are relevant in discovery. (*Id.* at 12-13). Plaintiff adds that an entity as sophisticated as Defendant—particularly one whose entire business is recordkeeping—should be able to respond to the request. (*Id.* at 14). Plaintiff adds that other lawsuits are relevant to her assertion that Defendant acted willfully in how it handled her claims. (*Id.* at 15). In any event, Plaintiff asserts that she would agree to a condensed timeframe and scope (she does not specify what) and to limit the request to "similarly situated cases specifically involving failure to use reasonable measures to assure maximum accuracy and to the reinvestigation procedures for consumer disputes." (*Id.*). Plaintiff also explains that she would agree to eliminate the need to search email communications to assuage Defendant's concerns about email searches. (*Id.* at 15-16).

### B.    Analysis.

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking discovery may move the Court to issue an order compelling that discovery. Fed. R. Civ. P. 37(a). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598, (1998). Discovery

is limited to any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). "[W]hile it may ultimately be the responding party's burden of persuasion to defend against a motion to compel, the movant must still present meaningfully developed argument as to each particular discovery response in dispute." *BASF Corp. v. Automall Auto Body, LLC*, 2021 WL 2306264, at *1 (D. Nev. May 12, 2021).

Here, the Court finds that Plaintiff has demonstrated that the information requested by her interrogatories is relevant to her case, but on the other hand, Defendant has demonstrated that, as written, the requests would create a disproportional burden. The Court thus limits the interrogatories as follows in accordance with the parties' arguments and Plaintiff's explanation of limitations she is willing to accept.

> **Interrogatory No. 12:** Identify the date and nature of all documents submitted to and from Equifax and the Consumer Finance Protection Bureau regarding the following Fair Credit Reporting Act Advisory Opinions:
>
> (1) Fair Credit Reporting; Background Screening (January 11, 2024).
> (2) Fair Credit Reporting; File Disclosure (January 11, 2024).
> (3) Fair Credit Reporting; Facially False Data (October 20, 2022).
> (4) Permissible purposes for furnishing, using, and obtaining consumer reports (July 7, 2022).
> (5) Consumer reporting agencies' matching practices (November 4, 2021).
>
> **Interrogatory No. 13:** Identify any reprimands, lawsuits (limited to lawsuits filed in Nevada), fines, penalties, and/or disciplinary actions against Defendant for FCRA violations in the past five years.

Because the Court is not familiar with the methods by which Defendant submits documents to the CFPB or receives notice of fines, reprimands, and disciplinary actions, the Court declines to issue any limitation permitting Defendant to avoid searching its email databases for responses to these interrogatories. Additionally, because it is unclear how Defendant would

search for lawsuits that are "similarly situated" to the facts of Plaintiff's without conducting an extensive review of each case, the Court declines to include this limitation. Because Defendant is a nationwide company, the Court limits Interrogatory No. 13 geographically. To the extent the parties still have disagreements over these interrogatories, the parties may meet and confer and, if necessary, file the appropriate motion. Because the Court grants in part and denies in part Plaintiff's motion, the Court finds that Defendant's objections were substantially justified to an extent and that an award of sanctions would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). So, the Court declines to issue any.

## II.     Plaintiff's motion to seal.

Plaintiff moves to seal an unredacted version of her reply in support of her motion to compel. (ECF No. 39). Plaintiff explains that she redacted a few sentences from her quote to Defendant's manuals and redacted an exhibit to comply with the parties' stipulated protective order. (*Id.*). However, Plaintiff's motion does not comply with the terms of that order or Ninth Circuit caselaw because it does not explain how the confidential material comports with the standard articulated in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). (ECF No. 13 at 2). The Court thus denies the motion without prejudice but will keep the unredacted documents under seal for thirty days so that Plaintiff may renew her motion. If the sole reason for Plaintiff's renewed sealing motion is that Defendant has designated the documents at issue as confidential, then Defendant must respond to that motion with an explanation about why the Court should seal the documents. Both Plaintiff's renewed motion and any response filed by Defendant should address the Ninth Circuit's decisions in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016). If neither party files anything regarding the sealing of this information on or before January 6, 2025, the Court will order the unredacted documents to be unsealed.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 18) is **granted in part and denied in part** as outlined in this order.

**IT IS FURTHER ORDERED** that Plaintiff's motion to seal (ECF No. 39) is **denied without prejudice.** The Court will keep the documents filed at ECF No. 39 under seal until **January 6, 2025,** to provide Plaintiff the opportunity to file a renewed motion to seal.

DATED: December 5, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE